FILED
 2008 May-09  PM 01:43
    U.S. DISTRICT COURT
        N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **THE PANTRY, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | **5:06-cv-04910-UWC** |
| ) | |
| **COSTCO WHOLESALE** ) | |
| **CORPORATION** ) | |
| **and COSTCO WHOLESALE** ) | |
| **MEMBERSHIP, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION DENYING DEFENDANT COSTCO'S MOTION FOR SUMMARY JUDGMENT

The Pantry, Inc. ("Pantry") filed this action against Costco Wholesale Corporation and Costco Wholesale Membership ("Costco") on December 12, 2006, seeking injunctive relief and claiming Costco had violated the Alabama Motor Fuel Marketing Act ("AMFMA" or "the Act"), ALA. CODE § 8-22-17 (1975) by selling gasoline to consumers below cost.[1]  (Compl. Doc. 1.)  Presently before the Court is

---

[1] As Judge Mark Fuller noted in *Home Oil Company, Inc. v. Sam's East, Inc.*, 252 F. Supp. 2d 1302, 1304 (M.D. Ala. 2003), the stated purpose of the AMFMA is to "encourage fair and honest competition, and to safeguard the public against the creation of monopolies or unfair methods of competition, in transactions involving the sale of, or offer to sell, or inducement to sell motor fuel in wholesale and retail trades in this state." *Id.* (quoting ALA CODE § 8-22-3). One way it fulfills this purpose is by prohibiting the sale of motor fuel below cost.  *See* § 8-22-6.

Costco's Motion for Summary Judgment (Doc. 27.), Pantry's Opposition to Costco's Motion for Summary Judgment (Doc. 34), and Costco's Reply (Doc. 36). Based on the genuinely disputed facts, Costco's Motion for Summary Judgment is due to be DENIED.

## FACTS[2] AND PROCEDURAL HISTORY

Pantry is a Delaware corporation with its principal place of business in Sanford, North Carolina. It markets gasoline at retail gas stations in numerous states, including Alabama. At all times relevant to this lawsuit, Pantry operated three locations in Huntsville, Alabama, located at 6278 University Drive, 5000 Memorial Parkway NW, and 540 Jordan Lane. Each of these three locations operates under the retail name of "Kangaroo Mart." (Pl.'s Br. 3.)

Costco Wholesale Corporation is a Washington corporation with its principal place of business in Issaquah, Washington. Costco Wholesale Membership, Inc. is a California corporation with its principal place of business in Issaquah, Washington. Costco engages in business in Alabama, including operating a retail gasoline facility at 1205 North Memorial Parkway in Huntsville, Alabama. (Pl.'s Br. 3-4.)

On December 22, 2006, Pantry filed the present action seeking injunctive

---

[2] When ruling on a motion for summary judgment, the court must view the facts in a light favorable to the nonmoving party. *See, e.g., Raney v. Vinson Guard Service*, 120 F.3d 1192, 1196 (11th Cir. 1997).

relief against Costco for violation of the AMFMA. Specifically, Pantry alleges that on fifty seven days of the nearly 400 days between January 1, 2006, and August 6, 2007, Costco unlawfully offered for sale and sold motor fuel to retail customers at prices that were lower than its cost, in violation of the AMFMA. (Pl.'s Br. 4; Ex. 1 – Schedule 4.) Pantry contends that such sales were made with the intent, and had the effect of injuring competition. *Id.*

In its Motion for Summary Judgment (Doc. 27) Costco asserts that its Huntsville location simply surveys the prices of its competitors each day prior to the opening of the location's gas station at 6:00 a.m. Central time. (Def.'s Br. 3; Ex. 2, Declaration of Nancy Schneider; Ex. 3, Palermo Dep. 54-56.) At all times relevant to the fifty-seven days at issue, Costco alleges that it surveyed the same five competitors: the Raceway station on Highway 53 ("Raceway"); the Huntsville Murphy Oil station located at Walmart ("Walmart"); the Kroger station ("Kroger"); the Kangaroo store known in this litigation as store number 3677 ("Kangaroo") (formerly "Cowboys"); and the Sam's Club station ("Sam's").

According to Costco, the survey prices are then keyed by Huntsville personnel into Costco's computer system (located in Washington State) and thereby transmitted to Costco's Gasoline Department at its headquarters in Issaquah, Washington. (*Id.*; Ex. 2, Declaration of Nancy Schneider; Ex. 3, Palermo Dep. 92-93.)

Costco further alleges that when the prices are received in the Gasoline Department, an Assistant Buyer or an Inventory Control Specialist ("ICS") at Costco's headquarters reviews GCI price survey information and costs and determines if the price will be changed. (Def.'s Br.; Ex. 2, Declaration of Nancy Schneider; Ex. 5, Schneider Dep. 8, 22, 24.) If the Gasoline Department determines that a price change will be made, the change is made directly from the Gasoline Department at the corporate offices for the gasoline pumps at the Huntsville location. (*Id.*)

Additional price surveys may be performed in the afternoon and submitted to the Gasoline Department through the computer system. (*Id.*; Ex. 2, Declaration of Nancy Schneider; Ex. 3, Palermo Dep. 92-93; Ex. 5, Schneider Dep. 44-45.) Costco also alleges that price surveys may also be performed in order to react to comments from customers in Huntsville that other competitors are charging lower prices. Costco's price changes are entered into the computer system and the history of the price changes for a given date may be viewed through the computer systems Price Change History ("PCH") screens. These screens are generated and retained in the normal course of Costco's business.

In its Motion for Summary judgment (Doc. 27) Costco alleges that Pantry lacks standing to bring the instant case because it has offered no admissible evidence that it was actually injured by any violation of the AMFMA. (Def.'s Br.

23.) Likewise, Costco alleges that Pantry cannot prove that any violation actually occurred because it claims that the evidence indicates Costco only changed its prices to "meet" competition, rather than to "beat" competition. In support of these contentions, Costco addresses each of the fifty-seven dates in question, pointing to its own records which, on each date, indicate that Costco was in compliance with the mandates of AMFMA. (Def.'s Br. 6-21.)

## II.  CONTROLLING LAW

A. *Standing*

Section 8-22-17 provides:

**8-22-17. Equity action by person injured from violation of chapter authorized; injunctive relief; damages; attorneys fees; jurisdiction**.

(a)  Any person injured by any violation, or who would suffer **injury** from any threatened violation, of this chapter may maintain an action in any court of equity jurisdiction to prevent, restrain, or enjoin such violation or threatened violation. . . . .

§ 8-22-17 (emphasis added).  Similarly, § 8-22-6 provides that it is only unlawful for a gasoline retailer to sell motor fuel at a price that is below the "cost to retailer" where the "effect is to **injure** competition." § 8-22-6 (emphasis added). The Alabama Court of Civil Appeals noted that

> it is part of the normal competitive process for competitors to be 'injured' when they lose customers to a marketer who offers the public a lower price.  Such "injury" is not what the [A]MFMA

>addresses. Rather, it is injury to competition (which necessarily includes injury to competitors) due to certain unlawful sales tactics, such as selling motor fuel below cost, as in this case.

*Star Service & Petroleum Co., Inc. v. State ex rel. Galanos* 518 So.2d 126, 130 (Ala.Civ.App. 1986).

In general, in order to create standing, a plaintiff must show a resulting injury. *Home Oil Co., Inc. v. Sam's East, Inc.*, 252 F. Supp. 2d 1302 (M.D. Ala. 2003). The "injury must be neither remote nor speculative, but actual and imminent." *Campbell & Sons Oil Company, Inc. v. Thrasher Oil Company, Inc., et al.*, No. 99-03176-CV-S-NE (N.D. Ala. Jan. 3, 2000) (citing *Northeastern Florida Chapter of the Association of General Contractors of America v. City of Jacksonville, Florida*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Tucker Anthony Realty Corp. V. Schlesinger*, 888 F.2d 969, 973 (2d. Cir. 1989).

In diversity cases, however, state law guides the determination of standing. *See Beckman Cotton Company v. First National Bank of Atlanta*, 666 F.2d 181, 183 (11th Cir. 1982). Thus, under *State ex rel Gallanos v. Mapco Petroleum, Inc.*, 519 So. 2d 1275, 1286 (Ala. 1987) Alabama law requires that to establish a prima facie case under the AMFMA, a plaintiff must show (1) the sale of motor fuel below cost and (2) an injurious effect on competition. *Id.*

B. *Violation of the AMFMA*

Specifically, the "meeting competition" provision set forth in Ala. Code § 8-22-8(b) provides:

> (b)   It is not a violation of this chapter if any price is established ***in good faith*** to meet an equally low price of a ***competitor*** in the ***same market area*** on the same level of distribution selling the same or a similar product of like grade and quality or is exempt under 8-22-13.

Ala. Code § 8-22-8(b) (emphasis added).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material fact and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law.  *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56( c).

 The party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which the moving party believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*quoting* Fed. R. Civ. P. 56( c).

When ruling on a motion for summary judgment, the court must view the facts in a light favorable to the nonmoving party. *See, e.g., Raney v. Vinson Guard Service*, 120 F.3d 1192, 1196 (11th Cir. 1997). "The district court should 'resolve all reasonable doubts about the facts in favor of the nonmoving' ... and draw 'all justifiable inferences ... in his favor ....'" *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991). "All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979). The Eleventh Circuit has held that evidence that is merely colorable, conclusory, or conjectural does not create a genuine issue of material fact. *See, e.g.*, *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

"When a motion for summary judgment is made and supported..., an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided by [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III.  ANALYSIS

A genuine issue of material fact exists with respect to whether Costco's choice of competitors in the relevant market area was in derogation of the

AMFMA and whether Costco actually sold gas below cost in order to "beat" competitors's prices instead of to "meet" them.  For the reasons outlined below, the Court finds summary judgment is due to be DENIED.

   *A. Standing*

Pantry has satisfied the statutory standing requirement in the instant suit because it has produced evidence of an injurious effect on competition, which is one of the requirements for establishing a prima facie case of a violation under the AMFMA.  *See State ex rel Gallanos v. Mapco Petroleum, Inc.*, 519 So. 2d 1275, 1286 (Ala. 1987) (holding that to establish a prima facie case, a plaintiff must show (1) the sale of motor fuel below cost and (2) an injurious effect on competition).

In its Opposition to Costco's Motion for Summary Judgment (Doc. 34), Pantry points to its Gross Profit Loss Analysis ("GPLA") which it produced in response to Costco's interrogatories, detailing its Gross Profit losses for the fifty-seven days in issue.  Pantry claims that the GPLA outlines all of the losses suffered by Pantry on the days when Costco was selling below cost in violation of the AMFMA by beating competition instead of meeting it.  (Pl.'s Br. 9.)  Although Costco contests the substance of the GPLA, it does not deny that Pantry produced it.

In support of its GPLA, Pantry cites to Judge Fuller's Opinion and Order denying Sam's East, Inc.'s Motion for Summary Judgment in *Home Oil Co., Inc. v. Sam's East, Inc.*, 252 F. Supp. 2d 1302 (M.D. Ala. 2003) in which Judge Fuller noted that "the requirement to show injury on the part of a competitor sufficient to establish a violation of the AMFMA is not a Herculean task." *Home Oil*, 252 F. Supp. 2d at 1310 (citing *Star Serv. & Petroleum Co. v. State ex rel. Galanos*, 518 So. 2d 126 (Ala Civ. App. 1986).

Controlling Alabama law, specifically *Star Service & Petroleum Co. v. State ex rel. Galanos*, 518 So. 2d 126 (Ala Civ. App. 1986) and *Money Back Inc. v. Gray*, 569 So. 2d 325 (Ala. 1990), requires very little of plaintiffs to show an injury by a violation of AMFMA. In *Star Service*, the mere testimony of a competitor that he had been injured, without supporting evidence, was deemed enough to show an injury. *Star Service*, 518 So. 2d at 129 (testimony that a competitor was "actually losing money" was deemed sufficient to establish "injured competition" under the Act). Moreover, the comparison of economic position from year to year was enough in *Money Back*. *Money Back,* 569 So. 2d at 328.

Pantry has met this admittedly low standard. Under *State ex rel Gallanos,* Alabama law only requires that to establish a prima facie case under the AMFMA, a plaintiff must **show** (1) the sale of motor fuel below cost and (2) an injurious

effect on competition. *State ex rel Gallanos,* 519 So. 2d at 1286 (emphasis added). Viewing the facts in a light most favorable to Pantry, Pantry has shown its injury. Furthermore, as pointed out by Pantry in its brief, Judge Lynwood Smith held, in *Campbell & Sons Oil Co. V. Murphy Oil USA, Inc.*, No. 99-S-3176-NE, (N.D. Ala. May 7, 2001) (order granting permanent injunction), that Plaintiff Campbell & Sons established injury by demonstrating a decline a sale volume. The Court agrees with Pantry that a loss in sales volume is analogous to a loss in profit. By producing the GPLA to Costco, the existence of which Costco does not deny, it has outlined its losses and thus shown "injury" in order to satisfy the low standard under Alabama law.

 B. *No Violation*

Because Pantry has established standing, the Court's analysis now turns to whether any genuinely disputed facts exist as to whether Costco violated the AMFMA. For the reasons outlined below, the Court finds that genuine issues of fact exist, specifically with respect to whether Costco actually sold gas below cost in order to "beat" competitors's prices instead of to "meet" them, as well as whether Costco's choice of competitors in the relevant market area was in derogation of the AMFMA.

Under the AMFMA Costco is entitled to "meet competition" as provided in § 8-22-8(b) by meeting alleged competitors pricing. The "meeting competition" provision set forth in Ala. Code § 8-22-8(b) provides:

> (b) It is not a violation of this chapter if any price is established *in good faith* to meet an equally low price of a *competitor* in the *same market area* on the same level of distribution selling the same or a similar product of like grade and quality or is exempt under 8-22-13.

Ala. Code § 8-22-8(b) (emphasis added). Costco alleges that it is entitled to sell gasoline below its cost because, under the AMFMA, it is entitled to "meet" the price of its lowest-priced competitor. In setting its prices to meet these low priced competitors, it is undisputed that the Huntsville Costco identifies five "comps" which it surveys each day at 6:00 a.m. The Huntsville Costco then transfers that data to Costco headquarters, which then makes a corporate pricing decision, i.e., in what manner, if any, the Huntsville location should adjust its gasoline cost for the day.

Pantry has alleged that Costco's selection of their five "comps," specifically the Raceway station located on Highway 53, which is located over six miles away from Costco, failed to accurately depict its market area, as mandated by the AMFMA. (Pl.'s Br. 13.) Specifically, Pantry alleges that the Raceway station, which is indisputably outside of the City of Huntsville, is not in the same market area as contemplated under the AMFMA because it is over six miles away and

Highway 53 does not intersect with North Memorial Parkway–the street on which Costco is located. (Pl.'s Br. 14.) For example, because it is located outside of the city limits, Pantry alleges, Raceway avoids the one cent per gallon tax on the sale of motor fuels imposed by the City of Huntsville. (*Id.* at 15.; Ex. 8.) Thus, Pantry alleges that, because Costco has chosen competitors outside of the relevant market area, it has failed to satisfy the "meeting competition" provision set forth in Ala. Code § 8-22-8(b).

In *Campbell & Sons Oil Co. V. Murphy Oil USA, Inc.*, No. 99-S-3176-NE, (N.D. Ala. May 7, 2001) (memorandum opinion to temporary restraining order, at 16, n.12), Judge Smith noted that Murphy Oil, which is also located on Memorial Parkway in Huntsville, failed to survey competitors within the "same market area" when they used "comps" which were five to six miles south of its own location. In doing so, he considered the market area "to include in the market those sellers who actually sell to the same group of customers and exclude those who are not." *Id.* (citing Richard A. Posner, Economic Analysis of Law 282 (3d ed. 1986)).

The Court agrees with Judge Smith's learned analysis of market area and finds that, for this reason alone, summary judgment is due to be DENIED because genuine issues of fact exist with respect to the means by which Costco chose to "meet competition," i.e., whether its selection of relevant "comps" actually satisfy the "market area" requirement under the AMFMA. Suffice it to say, however, that

evidence also exists that suggests that Costco's own pricing policy favored meeting or beating competition. Coscto's national gasoline buyer, in her own deposition, suggested that Costco's policy was "to meet **or beat** competition." (Pl.'s Br. 19; Ex. 11, 24-25.)

## CONCLUSION

Accordingly, the Court concludes that Costco's Motion for Summary Judgment (Doc. 27) is due to be DENIED because genuine issues of fact exist to whether Costco violated the AMFMA, specifically with respect to whether Costco actually sold gas below cost in order to "beat" competitors's prices instead of to "meet" them or whether Costco's choice of competitors in the relevant market area was in derogation of the AMFMA. The Court will enter an Order embodying these conclusions and denying the summary judgment motion.

Done the 9th day of May, 2008.

_____
U.W. Clemon
United States District Judge